UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS R. DUENWALD, | |
| Petitioner, | Case No. C19-0584-RAJ-MAT |
| v. | |
| STATE OF WASHINGTON, | REPORT AND RECOMMENDATION |
| Respondent. | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action proceeding under 28 U.S.C. § 2254. This matter comes before the Court at the present time on petitioner's motion for reconsideration of the Court's prior Order dismissing this action. This Court, having reviewed petitioner's motion for reconsideration, and the balance of the record, concludes that petitioner's motion should be denied.

DISCUSSION

Petitioner filed the instant action to challenge a 2018 judgement of the Island County Superior Court. (*See* Dkt. 7 at 1.) Petitioner identified the following four grounds for relief in his petition: (1) his conviction and sentence are invalid because he was not charged by an indictment of a grand jury as required by the Fifth Amendment; (2) his conviction and sentence are invalid

REPORT AND RECOMMENDATION
PAGE - 1

because the State of Washington "is acting in willful defiance of federal statutes by denying its residents the same Constitutionally guaranteed rights for due process of the law that are available to residents of the several states;" (3) his conviction and sentence are invalid and he has therefore been enslaved and placed into involuntary servitude in violation of the Thirteenth Amendment; and, (4) his arrest, conviction, and sentence are illegal because no bill of indictment has been brought against him in violation of his rights under the Fifth and Fourteenth Amendments. (*Id.* at 5, 7, 8, 10.)

Petitioner indicated in his petition that he had not presented any of his grounds for federal habeas relief to the state courts for review, either on direct appeal or post-conviction review, and he suggested that he was not required to do so because the State of Washington does not have the necessary jurisdiction to consider his federal constitutional claims. (*Id.*)

After reviewing the petition, the undersigned concluded that the petition was subject to dismissal because petitioner failed to exhaust his state court remedies. This Court therefore issued a Report and Recommendation recommending that this action be dismissed without prejudice. (Dkt. 8.) In so doing, this Court expressly rejected petitioner's suggestion that he was not required to exhaust his claims in the state courts, explaining that the governing statute, 28 U.S.C. § 2254(b)(1), makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. (*See id.*)

Petitioner filed both objections to the Report and Recommendation and a motion for summary judgment challenging the legality, under federal law, of the state constitutional provision underlying his federal habeas claims. (*See* Dkts. 9, 11.) The Honorable Richard A. Jones, United States District Judge, thereafter adopted the Report and Recommendation and dismissed this action without prejudice. (Dkt. 12.) Following dismissal of this action, petitioner filed a motion for

REPORT AND RECOMMENDATION
PAGE - 2

reconsideration which was referred to the undersigned for consideration. (Dkt. 14.)

Petitioner, in his motion for reconsideration, appears to largely reiterate and expand upon his arguments that the State of Washington lacks jurisdiction to consider his constitutional claims and that his current confinement is unlawful because he was not charged by an indictment of a grand jury. (*Id.*) Petitioner also inserts into his motion for reconsideration a somewhat disjointed argument regarding cause and prejudice and extraordinary circumstances, suggesting that these principles excuse his failure to exhaust his state court remedies. (*See id.*)

The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). The Court first notes that the arguments set forth by petitioner in his motion for reconsideration constitute nothing more than variations of arguments presented in his prior submissions. No new facts are presented, and there are no references to new legal authority which could not have been brought to the Court's attention at the time petitioner filed his objections to the Report and Recommendation.

Petitioner's motion for reconsideration is also devoid of any evidence or arguments demonstrating a manifest error in the Court's prior ruling. As this Court previously explained, the statute governing federal habeas actions filed by state prisoners requires complete exhaustion. *See* 28 U.S.C. § 2254(b)(1). The United States Supreme Court has made clear that a federal court *must* dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). Petitioner's claims are admittedly unexhausted and dismissal is therefore required.

Petitioner attempts to argue that the state court process is ineffective to protect his rights,

REPORT AND RECOMMENDATION
PAGE - 3

but he has clearly made no effort to test its effectiveness. The federal habeas statute mandates that he do so. To the extent petitioner suggests that his failure to exhaust his state court remedies should be excused based on a showing of cause and prejudice and/or extraordinary circumstances, he has invoked arguments pertaining to procedural default. When a petitioner fails to exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review. *See id.* at 735 n.1. When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.

The Court cannot discern from the record currently before it whether petitioner has, in fact, procedurally defaulted on his claims in state court. Assuming, for purposes of the current discussion, that he has, the arguments set forth by petitioner in his motion for reconsideration do not overcome any procedural default. Petitioner appears to argue that the State's violation of his federal constitutional right to indictment by a grand jury, pursuant to a provision of the Washington State Constitution, establishes cause and prejudice and/or extraordinary circumstances. This argument fails for the simple reason that state criminal defendants, such as petitioner, do not have a federal constitutional right to be indicted by a grand jury. *Hurtado v. People of the State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

REPORT AND RECOMMENDATION
PAGE - 4

Petitioner has not demonstrated any error in the Court's prior ruling, nor has he identified any new facts or legal authority which support his implied assertion that his unexhausted federal habeas petition was improperly dismissed. His motion for reconsideration should therefore be denied.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's motion for reconsideration be denied. A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 18, 2019**.

DATED this 26th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5